# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS - AMARILLO DIVISION

| | | |
|---|---|---|
| **SAMANTHA NELSON** for herself and minor child L.N., <br> *Plaintiff,* | § § § § | **CAUSE NO. _____** |
| **v.** | § § § | |
| **NAZARETH INDEP. SCHOOL DIST.,** <br> **PRINCIPAL ROBERT O'CONNOR,** <br> **SUPERINTENDENT KARA GARLITZ** <br> *Defendants.* | § § § § | |

## EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR PRELIMINARY INJUNCTION

Plaintiffs incorporate their Original Complaint (Doc. 1) by reference filed August 19, 2024. Plaintiff asks this Court to grant the Application for Temporary Restraining Order which begins at p. 24 of the Complaint. A proposed order was filed with the Complaint. Plaintiffs also ask that the Court set a hearing for and issue a preliminary injunction, as supported by argument and evidence included in the Original Complaint, pursuant to Rule 65 and Local Rule 7.1(b) and (h).

The Certificate of Conference so required is in the Original Complaint and repeated post-signature. A proposed TRO is affixed to the Original Complaint as an exhibit.

Respectfully submitted,

Norred Law, PLLC
By: /s/ *Warren V. Norred*
Warren V. Norred, Texas Bar Number 24045094, warren@norredlaw.com
515 E. Border St., Arlington, Texas 76010
P. 817-704-3984; *Attorney for Plaintiff*

**Certificate of Service** – I certify that a true and correct copy of *Plaintiffs' Original Complaint, Application for Temporary Restraining Order, and Temporary and Permanent Injunctions*, all supporting exhibits, and the proposed Temporary Restraining Order, were all provided to Defendants on August 19, 2024, via email at robert.oconnor@nazarethisd.net and kara.garlitz@nazarethisd.net,

/s/Warren V. Norred
Warren V. Norred

**FED. RULE 65 AND LOCAL RULE 7.1 CERTIFCATE of CONFERENCE**

A draft of this pleading was sent to Defendant Garlitz and O'Connor on the morning of August 19, 2024, along with a copy to their previous known counsel, which includes:

    Slater Elza <Slater.Elza@uwlaw.com>,
    Fred Stormer <Fred.Stormer@uwlaw.com>, and
    Jarod Russell <jarod.russell@uwlaw.com>.

Defendants did not respond. Based on previous experience with the parties and their counsel, I can confidently say that they disagree with the request to allow Plaintiff L.N. to be in fifth grade immediately, necessitating this request.

Without the Court's protection, NISD will continue to keep L.N. from attending fifth grade, forcing her to either leave the district or repeat fourth grade, a grade she has already mastered.

Plaintiffs assert that $100 is a reasonable bond in this case, as the NISD is not imperiled with any economic loss should Plaintiffs fail. In this case, placing L.N. in a fifth-grade classroom will make NISD more money, since her attendance impacts NISD's funding, making it go up while she is in school.

If the Court choses not to issue a TRO, Plaintiffs request a hearing on the matter as soon as possible on the requested preliminary injunction.

I swear under penalty of perjury that this Certificate of Conference is true and correct, and based on my personal knowledge, made August 19, 2024.

                                        s/Warren V. Norred
                                        Warren V. Norred