UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |  |
|---|---|---|
| SAMANTHA NELSON, for herself and and minor child, L.N., | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Case No. 2:24-cv-00177 |
| NAZARETH INDEPENDENT SCHOOL DISTRICT, PRINCIPAL ROBERT O'CONNOR, AND SUPERINTENDENT KARA GARLITZ, | § § § § § § | |
| *Defendants.* | § | |

**NOTICE OF APPEARANCE AND MOTION TO RESPOND TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**NOTICE OF APPEARANCE**

NOTICE IS HEREBY GIVEN that Slater Elza of the law firm Underwood Law Firm, P.C., located at 500 S. Taylor, Suite 1200, Amarillo, Texas, 79101, telephone: (806) 379-5613, facsimile: (806) 379-0316, hereby files this Notice of Appearance and Motion to Respond to Application for Temporary Restraining Order. Slater Elza hereby appears as counsel for Defendants and respectfully requests that all notices given or required to be given in these proceedings and all papers served or required to be served in these proceedings be served upon him via ECF or at the office address, electronic mail address, and facsimile numbers listed herein.

**MOTION TO RESPOND TO PLAINTIFF'S APPLICATION**

*Factual Background*

1. Texas Education Code § 39.023 provides that the Texas Education Agency ("TEA") "shall adopt or develop appropriate criterion-referenced assessment instruments designed to assess essential knowledge and skill in reading, mathematics, social studies, and science."

Further, every student receiving instruction in the essential knowledge and skills shall take the grade appropriate criterion — referenced assessments. 19 T.A.C. § 101.5. The assessment instrument that TEA has developed is the State of Texas Assessments of Academic Readiness, known as the "STAAR" exam. In third and fourth grades, Texas school students are tested in mathematics and reading. Tex. Educ. Code § 39.023.

2. A parent is not entitled to remove the parent's child from a class or other school activity to avoid a test, nor may a parent exempt the child from satisfying grade level requirements in a manner acceptable to a school district. Tex. Educ. Code § 26.010.

3. In the Spring of 2023 when L.N. was in the third grade, Plaintiff instructed L.N. to not answer any questions on her state required STAAR exams. L.N. received a score of 0 on her STAAR exams but was nonetheless promoted to fourth grade.

4. On August 2, 2023, the Board of Trustees for Nazareth Independent School District ("Nazareth ISD") changed its policy so that students who fail to achieve a rating of "approaches grade level" could be retained in the same grade for the following school year.

5. In the Spring of 2024, when L.N. was in fourth grade, Plaintiff again instructed L.N. to not answer any questions on her state required STAAR exams. L.N. did not receive a rating of "approaches grade level." She again received a score of 0 on her STAAR exams. Following a Retention Committee meeting on August 8, 2024, L.N. was retained in fourth grade.

*Procedural Background*

6. Plaintiff filed a lawsuit in the 64th District Court of Texas against the Defendants on August 13, 2024, asserting violation of Texas Education Code § 28.02124 and seeking a temporary restraining order ("TRO") to place L.N. in the fifth grade, and further seeking a temporary injunction and a permanent injunction to keep the Defendants from enforcing its policy

that a student may be retained for not achieving a rating of approaches grade level on the STAAR exam.  The school year in Nazareth ISD began on August 14, 2024. L.N. did not report to school until August 16th but was absent on August 19th and August 20th.

7.      Defendants responded to Plaintiff's state-court application for TRO with a Plea to the Jurisdiction and raised, among other defenses:  Governmental Immunity, Official Immunity, and failure to exhaust administrative remedies.  The 64th District Court did not grant the TRO but set the matter for hearing at 9:00 a.m. on August 20, 2024.  At 9:33 a.m. on August 19, 2024, Plaintiff nonsuited her state court lawsuit and filed this lawsuit shortly thereafter.

*Analysis*

8.      Plaintiff, by seeking a TRO in this Court, is attempting to bypass the administrative process to present complaints to the Nazareth ISD Board of Trustees and ultimately the Texas Commissioner of Education. *See* Tex. Educ. Code § 7.057.  Although Plaintiff has initiated the administrative process, that process has not been completed.

9.      While not asserted as a matter of right, Defendants respectfully request that they be permitted to file a brief in response to Plaintiff's application for TRO within seven days and totaling no more than fifteen pages.  The Court and the parties will benefit from initial briefing to narrow and present dispositive issues, facilitating just and expeditious preparation for any hearing the Court may deem necessary.  Therefore, pursuant to Local Rule 83.1, Defendants respectfully request that they be permitted to file a brief in response to Plaintiff's application for TRO within seven days and totaling no more than fifteen pages.

Dated: August 21, 2024

Respectfully submitted,

Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
Fred Stormer
State Bar No. 24013579
fred.stormer@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
P.O. Box 9158
Amarillo, Texas  79105
(806) 376-5613
Fax: (806) 379-0316

By:   */s/ Slater Elza*
Slater C. Elza

**ATTORNEYS FOR DEFENDANTS**

*The following rights are reserved and not waived by this notice of appearance:  The right to: [i] have final orders entered in non-core matters only after de novo review by a judge of the United States District Court; [ii] the right to a trial by jury on any matter subject to trial in this case or any proceeding related to this case; [iii] the right to move the United States District Court to withdraw the reference in any matter subject to withdrawal; or [iv] any right of recoupment or setoff.*

**CERTIFICATE OF SERVICE**

This is to certify that on this 21st day of August, 2024, a true and correct copy of the foregoing document has been served via ECF to counsel of record as follows:

Warren V. Norred
NORRED LAW, PLLC
515 E. Border
Arlington, Texas  76010
wnorred@norredlaw.com

*/s/ Slater C. Elza*
Slater C. Elza

## CERTIFICATION REGARDING GENERATIVE ARTIFICIAL INTELLIGENCE

I, the undersigned attorney, hereby certify that I have read and will comply with all judge-specific requirements for Judge Matthew J. Kacsmaryk, United States District Judge for the Northern District of Texas.

I further certify that no portion of any filing in this case will be drafted by generative artificial intelligence or that any language drafted by generative artificial intelligence — including quotations, citations, paraphrased assertions, and legal analysis — will be checked for accuracy, using print reporters or traditional legal databases, by a human being before it is submitted to the Court.  I understand that any attorney who signs any filing in this case will be held responsible for the contents thereof according to applicable rules of attorney discipline, regardless of whether generative artificial intelligence drafted any portion of that filing.

>  */s/ Slater C. Elza*
>  Slater C. Elza